UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNDON C. DAVIS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:23-cv-00195-TWP-TAB |
| DENNIS REAGLE, | ) |
| Respondent. | ) |

**Order Denying Motion for Oral Argument and Third Motion to Alter or Amend Judgment**

This matter is before the Court on Petitioner Lyndon Davis's third Motion to Alter or Amend Judgment (Dkt. 21) and Motion for Oral Argument (Dkt. 20). For the reasons explained below, both Motions are denied.

Mr. Davis's petition for a writ of habeas corpus was denied on the basis that it was an unauthorized successive petition. (Dkts. 13, 14). In his third motion to alter or amend argument, Mr. Davis argues that the Court failed to address whether the "actual innocence gateway" procedure and the standard for filing a successive petition under 28 U.S.C. § 2244(b)(2) differ. Dkt. 21.

To be clear, after the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), any petitioner who believes he is entitled to pursue a successive petition based on actual innocence *must first* obtain permission from the appropriate court of appeals (emphasis added). See *McQuiggin v. Perkins*, 569 U.S. 383, 395−96 (2013) (noting that, in passing AEDPA, Congress "constrained the application" of the miscarriage of justice exception by requiring second-or-successive habeas petitioners "to meet a higher level of proof ('clear and convincing evidence')" under § 2244(b)(2)).

Section 2244(b)(2) states in relevant part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- …
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant **shall move in the appropriate court of appeals for an order authorizing the district court to consider the application**.

(emphasis added). Pursuant to this statute, the Seventh Circuit Court of Appeals is vested with the responsibility of determining whether Mr. Davis qualifies for a successive petition for a writ of habeas corpus. The Seventh Circuit has now twice rejected Mr. Davis's previous requests for permission to file a successive § 2254 petition. Dkt. 1-1 at 14.

For these reasons, and those in the Court's previous orders, Mr. Davis's third motion to reconsider, dkt. [21], is **denied**. His motion for oral argument, dkt. [20], is **denied as unnecessary**. This matter remains closed, and future motions will be summarily denied.

**IT IS SO ORDERED.**

Date: 5/2/2024

_[signature]_

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LYNDON C. DAVIS
232171
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov